UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,


                                    Plaintiff,

                                                        <u>DECISION AND ORDER</u>

                                                        08-CV-6551L


                    v.


HONEOYE FALLS-LIMA EDUCATION
ASSOCIATION,
NEW YORK STATE UNITED TEACHERS,
DAVID YOUNG,
MICHELLE CARNEVALE,
THE NEW YORK STATE UNITED TEACHERS,
WILLIAM GARVIN,



                                    Defendants.
_____


        Plaintiff Bernice Malcolm ("plaintiff") was employed by defendant Honeoye Falls-Lima

Central School District (the "District") from January 2001 until her resignation in July 2007,

effective June 30, 2008.

        During her employment, plaintiff was a member of the Honeoye Falls-Lima Education

Association ("HFLEA"), the local affiliate of the New York State United Teachers ("NYSUT"). On

or about July 16, 2007, the plaintiff entered into a Settlement Agreement with the District's Board

of Education (the "Board"). The Settlement Agreement provides, inter alia, that plaintiff will resign

from her position with the District in exchange for the Board's withdrawal of certain disciplinary charges against plaintiff, as well as payment of the balance of plaintiff's salary for that school year, miscellaneous other compensation and the continuation of certain benefits for an extended period.

In January 2008, plaintiff filed complaints against NYSUT with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR"), alleging that NYSUT had discriminated against her on the basis of race. The NYSDHR investigated the complaint, made a determination of "no probable cause" and issued plaintiff a right to sue letter. The EEOC adopted the NYSDHR's findings on September 8, 2008. Plaintiff also filed a charge of "improper practices" with the State of New York Public Employment Relations Board ("PERB") on January 17, 2008. That charge was subsequently dismissed by PERB.

In addition to this case, Plaintiff has commenced a number of *pro se* actions in this Court, arising out of the events that resulted in her resignation. The first two actions, one of which has already been dismissed, asserted claims against the District and various of its employees. In this action, plaintiff asserts an assortment of discrimination claims against NYSUT, HFLEA, HFLEA President Michelle Carnevale, HFLEA employee David Young, and NYSUT employee William Garvin.

In lieu of an answer, the defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 4(h), 10, and 12(b), and/or for summary judgment. (Dkt. #5). Plaintiff obtained counsel and moved to amend the complaint (Dkt. #24), and/or to extend the time to complete discovery and respond to the defendants' motion to dismiss (Dkt. #23).

For the reasons set forth below, the defendants' motion to dismiss (Dkt. #5) is granted in part. Plaintiff's motion to amend the complaint (Dkt. #24) is denied, and plaintiff's motion for discovery (Dkt. #23) is granted in part.

## DISCUSSION

### I.     Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Nonetheless, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In the alternative, defendants have requested that the Court grant summary judgment pursuant to Fed. R. Civ. Proc. 56. Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts are generally wary of granting summary judgment in cases where motive, intent or state of mind are at issue, a common element of discrimination claims, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding

- 3 -

protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993).

## II.    Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 8

At the outset, the Court notes that plaintiff's complaint, even viewed liberally in light of her *pro se* status at the time it was filed, is lacking in several significant respects. Plaintiff's statement of facts in support of her claims is anything but "short" and "plain." She purports to allege claims against individuals not identified as defendants in the caption, offers no information concerning the capacity in which the defendants are named, and does not identify which causes of action are asserted against which defendants. In addition to containing a wealth of extraneous and irrelevant information, the complaint is also unnecessarily confusing to navigate, with numerous typographical errors, and paragraphs variously labeled with numbers and letters, employed sporadically and non-chronologically, with other paragraphs lacking any designation at all.

While the complaint's deficiencies make the Court's task exponentially more difficult and defendants have invited the Court to dismiss it on those grounds, I choose not to do so and decline to express an opinion as to whether these potent defects, by themselves, provide sufficient cause for dismissal pursuant to Fed. R. Civ. Proc. 8(a). In light of the long-established preference for deciding cases on their merits and in deference to the plaintiff's *pro se* status at the time her original complaint was filed, the Court opts to analyze the merits of plaintiff's claims, however poorly alleged. *See generally Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (acknowledging the

Second Circuit's "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities").

## III. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)

### A. Plaintiff's Claims Against NYSUT

NYSUT urges that all of plaintiff's claims against it should be dismissed pursuant to Fed. R. Civ. Proc. 4(h) for failure to effect proper service upon NYSUT. Specifically, plaintiff, through the U.S. Marshal's Service, caused the complaint to be served upon James R. Sandner, General Counsel to NYSUT, at NYSUT's regional office in Rochester, New York. It is undisputed that Sandner is not an officer of NYSUT, nor is he an agent authorized to accept service on its behalf. *See* Fed. R. Civ. Proc. 4(h) (service upon unincorporated association may be effected as prescribed for Fed. R. Civ. Proc. 4(e)(1), or by delivery to an officer, managing or general agent, or any other agent authorized by appointment or law to receive process); Fed. R. Civ. Proc. 4(e)(1) (service may be effectuated in accordance with state law); New York General Assoc'ns Law §13 (service upon labor organization may be made by delivery to president, vice president, treasurer, assistant treasurer, secretary, assistant secretary, or business agent); New York Civil Practice Law & Rules §308 (personal service may be made by delivery to the designated agent for service).

In the forms plaintiff completed in order to facilitate service of the complaint by the U.S. Marshal's Service, plaintiff specifically designated Sandner as the individual upon whom she desired service. (Dkt. #4). Plaintiff does not dispute that he was not an officer or agent authorized to accept service upon NYSUT's behalf and offers no explanation as to why she instructed the U.S. Marshal's Service to serve him. She thus appears to concede that service upon NYSUT was defective.

Although plaintiff asks the Court to simply overlook the defect and consider NYSUT to have been properly served, plaintiff has not moved for an extension of time to effect service, nor do I find that plaintiff has shown any good cause for such. *See generally* Fed. R. Civ. Proc. 4(m); *Fish v. Bread Loaf Const. Co.*, 1998 U.S. App. LEXIS 1208 at *5-*6 (2d Cir. 1998). Accordingly, plaintiff's claims against NYSUT are dismissed.

### B. Plaintiff's Discrimination and Retaliation Claims

In order to state a claim for discrimination pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law §290 et seq. ("NYHRL"), a plaintiff must "specifically allege the events claimed to constitute intentional discrimination." *Smith v. United Federation of Teachers*, 1997 U.S. App. LEXIS 22357 at *4 (2d Cir. 1998), quoting *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994).

A union may be found liable under Section 1981 and Title VII for the discriminatory refusal to provide representation to its members on the basis of race. *See Carrion v. Local 32B-32J Service Employees Int'l Union*, 2005 U.S. Dist. LEXIS 4417 at *22 (S.D.N.Y. 2005). Examples of factual allegations that have been found to state a claim for such discrimination include the union's refusal to file or pursue an employee's grievances alleging discrimination against her employer, or disparate treatment of grievances filed by minority and non-minority members. *Id.* *See also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 669 (1987); *Goldvekht v. United Federation of Teachers*, 2009 U.S. Dist. LEXIS 3546 at *13 (E.D.N.Y. 2009).

Here, plaintiff alleges that through a course of formal complaints and conversations, she made defendants aware of alleged discriminatory conduct by the District, including two allegedly groundless disciplinary proceedings commenced against the plaintiff, and "improper practices" committed by the HFLEA. Plaintiff also alleges that the defendants refused to provide her with representation in the disciplinary proceedings, forcing her to retain private counsel, and refused to file grievances on her behalf against the District in the same manner that it did or would have done for non-minority members. (Dkt. #1 at pp. 8-10).

Based on the governing case law, I find that plaintiff's factual allegations relating to defendants' alleged discriminatory refusal to file grievances on her behalf, and/or to provide her with representation during disciplinary proceedings, sufficiently state claims against the remaining HFLEA, union defendant, pursuant to Section 1981 and Title VII. *See generally Goodman*, 482 U.S. 656 at 669.

I reach a different conclusion, however, with respect to plaintiff's retaliation claims. While plaintiff's allegation that she complained to the defendants about discrimination by the District appears to describe engagement in protected activity, plaintiff does not accuse defendants of retaliating against her because of those complaints. Plaintiff makes no allegation that she participated in any other protected activity involving the defendants beyond the filing of her administrative charges, nor does she claim that any retaliatory conduct occurred at any point in time after the administrative charges were filed. Plaintiff's retaliation claims must therefore be dismissed. *See generally Briggs v. Mercedes-Benz Manhattan, Inc.*, 2006 U.S. Dist. LEXIS 70489 at *28

(S.D.N.Y. 2006) (in order to allege a retaliation claim, a plaintiff must allege protected conduct, retaliatory conduct that took place thereafter, and a causal connection between the two).

Plaintiff's claims against the individual defendants, Carnevale, Young and Garvin, must also be dismissed. It is well-settled that Title VII does not provide for personal liability for individuals. *See Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009); *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). While the NYHRL does provide for the imposition of personal liability where a defendant has directly participated in the conduct giving rise to a discrimination claim, plaintiff makes no such allegation here. *See Bickerstaff v. Vassar College*, 160 Fed. Appx. 61, 63 n.2 (2d Cir. 2005). Instead of alleging actual discriminatory conduct by the individual defendants, plaintiff sweepingly alleges that the individual defendants somehow exposed her to, or failed to remove her from, a hostile work environment, because they "sided with the District" and "went along" with the District's allegations against plaintiff. Plaintiff's only concrete factual allegations against the individual defendants are that Garvin "stuck [his] finger in my face and was hostile," and that Carnevale "stated [to the District] that plaintiff also attacked her and Mr. Garvin." (Dkt. #1 at pp. 11, 12). The gravamen of plaintiff's allegations against the individual defendants thus appears to be that they had some philosophical, verbal and possibly even physical disagreements with plaintiff about the legitimacy of the District's disciplinary proceedings against her. She does not allege that any of the individual defendants played any role in those proceedings, or that they failed in some specific duty to plaintiff relative to them, let alone that they undertook such actions with discriminatory animus. Indeed, it is undisputed that the union provided, or offered to provide, legal representation to plaintiff for both of the disciplinary proceedings. The individual defendants

may have been, by virtue of the duties required of them as union employees, peripheral participants in the allegedly discriminatory discipline process. That bare fact does not, in my view, automatically render them "direct participants" in the alleged discrimination for purposes of the NYHRL, without some allegation that they played a role in that process which caused or furthered the discrimination of which plaintiff complains. The complaint simply does not describe any specific conduct by any of the individual defendants that suggests direct participation in a discriminatory, actionable adverse employment action. As such, plaintiff's claims against the individual defendants must be dismissed.

### C. Plaintiff's 42 U.S.C. §1983 Claims

Plaintiff also alleges that the defendants deprived her of her constitutional rights while acting "under color of [law]," in violation of 42 U.S.C. §1983. It is well-settled that Section 1983 liability extends only to state actors. Here, defendants consist of two unincorporated associations and three private citizens, none of whom are state actors. *See Williams v. N.Y. City Housing Auth.*, 2009 U.S. App. LEXIS 13538 at *3 (2d Cir. 2009) (union is not a state actor). As such, plaintiff's Section 1983 claim must be dismissed.

### D. Plaintiff's 42 U.S.C. §1985 Conspiracy Cause of Action

Plaintiff generally alleges that the defendants engaged in an a conspiracy, acting "in collusion" with the District, relative to the disciplinary proceedings against her. Plaintiff does not, however, describe the alleged conspiracy, or specify any facts concerning what the defendants allegedly did to further it.

The Second Circuit has repeatedly emphasized that "[a] complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights

cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983). Thus, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993).

Plaintiff has offered nothing but vague and speculative allegations that the defendants acted in collusion with the District to deprive her of her constitutional rights and describes no specific instances of misconduct by the defendants. Morever, nebulous allegations like those asserted here are insufficient "to enable [defendants] intelligently to prepare their defense." *Ciambriello*, 292 F.3d 307 at 325, *quoting Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977). Accordingly, plaintiff's conspiracy claim is dismissed.

### E.     Plaintiff's State Law Claims

Plaintiff also alleges a number of state law claims alleging negligence, breach of contract, "improper practices," and breach of the duty of fair representation.

Plaintiff's breach of contract action must be dismissed, because it is undisputed that plaintiff's employment contract provided a grievance procedure for pursuit of contractual violations, and plaintiff has failed to allege that she made such a grievance, or that she otherwise exhausted her administrative remedies. *See King v. New York Telephone*, 785 F.2d 31, 33 (2d Cir. 1986). Furthermore, to the extent plaintiff alleges common law breach of the collective bargaining agreement and negligence, under New York law a union member "has no cause of action against his union for breach of contract or for negligence arising out of the performance of duties under the

collective bargaining agreement; his sole remedy is an action for breach of fair representation." *Ifill v. New York State Court Officers Ass'n*, 2009 U.S. Dist. LEXIS 85375 at *25 (S.D.N.Y. 2009), *quoting Herington v. Civil Serv. Employees Ass'n, Inc.*, 130 A.D.2d 961, 961-62 (App. Div. 4th Dept. 1987).

Plaintiff's breach of duty of fair representation claims must also be dismissed, because they lie outside of the four-month state, and six-month federal, statutes of limitations for such claims. This action was filed in December 2008, some eighteen months after the disciplinary proceedings were concluded and plaintiff resigned. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983); New York Civil Service Law §209-a; New York Civil Practice Law & Rules §217(2)(b).

Finally, this Court lacks subject matter jurisdiction over plaintiff's "improper labor practices" claim, which is under the "exclusive non-delegable jurisdiction" of the PERB. *See Ifill*, 2009 U.S. Dist. LEXIS 85375 at *22-*23; *Peele v. New York City Dep't of Social Services*, 1995 U.S. Dist. LEXIS 18226 at *6-*7 (S.D.N.Y. 1995).

## IV.  Defendants' Motion for Summary Judgment and Plaintiff's Motion to Extend Discovery

Because I find that all but one of plaintiff's claims must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6), analysis of the defendants' alternative request for summary judgment is limited to plaintiff's remaining claim: discriminatory failure by HFLEA to file grievances or provide plaintiff with union representation during the disciplinary proceedings, in violation of Title VII and the NYHRL.

Plaintiff opposes the motion for summary judgment with a request for additional discovery pursuant to Fed. R. Civ. Proc. 56(f). "[A] party resisting summary judgment on the ground that it

needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 302 (2d Cir. 2003), *quoting Guary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999).

Here, although plaintiff's affidavit in support of her request fails to address all of the relevant factors, she does describe the necessity of discovery to offering proof of the defendants' intent, and asserts that she needs "to depose [Carnevale, Garvin, Sandner and Gillett] and . . . discover documents in defendants' possession which may refute any claims made in the instant motion." (Dkt. #23-1 at ¶80). Notwithstanding the paucity of support for plaintiff's request or explanation of precisely what material facts plaintiff hopes to discover, it is well settled that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). For this reason, courts consider requests pursuant to Fed. R. Civ. Proc. 56(f) more generously, where, as here, a plaintiff is not requesting additional discovery after the time to do so has expired, but instead is requesting the commencement of discovery where none has been had. *See Reed v. Staniero*, 2007 U.S. Dist. LEXIS 84101 at *7 (D. N.J. 2007) (collecting cases).

In assessing plaintiff's request for discovery, I observe that plaintiff's discrimination claim against HFLEA is two-fold: plaintiff claims that HFLEA declined to file grievances on her behalf when it would have done so for other, non-minority members, and also that she was discriminatorily denied fair representation – specifically, legal representation – during the disciplinary proceedings

against her. With respect to plaintiff's claim that she was denied representation, it is undisputed that the defendants did in fact provide, or offer to provide, legal counsel to plaintiff on both occasions, and plaintiff makes no allegation that the offer of representation was in any way unfair or discriminatory. (Dkt. #8 at ¶¶14, 15 and Exhs. A-G). Permitting discovery on plaintiff's allegation that she was wholly "denied representation" by the union at certain disciplinary proceedings, when that yes-or-no question has been conclusively disproved by defendants and conceded by plaintiff, would amount to nothing more than an unnecessary "fishing expedition." As such, plaintiff's request for discovery pursuant to Fed. R. Civ. Proc. 56(f) must be denied with respect to that portion of her discrimination claim. *See Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir. 1966) ("Rule 56(f) discovery is specifically designed to enable a plaintiff to fill material evidentiary gaps in its case [and not to] engage in a 'fishing expedition'").

Plaintiff also alleges that HFLEA's decision not to file grievances in response to certain complaints she made was discriminatory. The HFLEA has provided extensive documentation in support of its contention – not countered by plaintiff – that plaintiff's complaints were duly investigated and considered. Nonetheless, given the absence of discovery in this matter and the strong preference for denying or holding summary judgment motions in abeyance where pre-discovery requests are made pursuant to Fed. R. Civ. Proc. 56(f), I find that plaintiff is entitled to discovery on this portion of her remaining claim. Such discovery shall logically relate to issues surrounding the actions and intent of the HFLEA in assessing plaintiff's particular complaints, and whether grievances were filed by HFLEA on behalf of non-minority union members who complained about the same or substantially similar issues during the same time period. Such discovery shall be

completed within six (6) months of entry of this order, upon which defendants may renew their motion for summary judgment, if inclined to do so.

## V.    Plaintiff's Motion to Amend the Complaint

Plaintiff has also moved, by her counsel, to amend the complaint. While leave to amend is to be freely granted, a motion to amend is appropriately denied where amendment would be futile. *See generally* Fed. R. Civ. Proc. 15(a); *Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006).

While the proposed amended complaint specifically defines the five causes of action alleged by plaintiff, adds a request for attorneys fees for plaintiff's newly-retained counsel, and debuts a complete and properly-ordered numbering system for all of its 145 paragraphs, it otherwise fails to improve upon the original. (Dkt. #24-1, Exh. A). Indeed, the vague and disorganized nature of plaintiff's factual allegations concerning each cause of action has been faithfully preserved, and the proposed amended complaint fails to correct any of the legal deficiencies discussed above, or to provide supplemental facts that would assist plaintiff to state her claims. In fact, some of the changes serve only to make the amended complaint – now construed *without* the liberal interpretation owed to plaintiff when she filed her initial complaint *pro se* – even more poorly drafted than its predecessor. For example, plaintiff now alleges that her EEOC complaint was dismissed by PERB, a state agency. She also seeks to add NYSUT Regional Director Tom Gillett and NYSUT counsel James Sandner as defendants, even though she makes no factual or legal allegations concerning them other than to identify Gillett's job title. Less substantive but also adding to the confusion, the Court observes that in a world where spell-checking and grammar-checking devices are ubiquitously employed, the proposed amended complaint stands resolutely alone, offering a

- 14 -

virtual parade of linguistic horrors. After cavalierly invoking the "jurisdication" (sic) of the Court, plaintiff refers to the defendants using dozens of different abbreviations and acronyms, in some cases so far removed from defendants' names as to render them unidentifiable. She converts bulleted lists into separate paragraphs comprised of inscrutable, open-ended sentence fragments, flouts the rules of grammar and sentence construction to the point that many allegations are entirely nonsensical, and vacillates constantly between referring to herself in the first person and third person narrative modes. (Dkt. #24-1, Exh. A at ¶¶ 7, 15, 57-66, 75-81, 90, 91, 98).

Because I conclude that the causes of action asserted in plaintiff's proposed amended complaint and dismissed above would be subject to dismissal pursuant to Fed. R. Civ. Proc. 4 and 12(b) for the same reasons as those asserted in her initial complaint, amendment of the complaint would be futile. *See* Section III, *supra*. Plaintiff's motion for leave to amend is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. #5) is granted in part, and plaintiff's claims, with the exception of her Title VII/NYHRL discrimination claim against HFLEA for the alleged failure to file grievances, are dismissed with prejudice. The remainder of that motion (Dkt. #5) is denied, without prejudice to renewal after discovery is completed. Plaintiff's motion to amend the complaint (Dkt. #24) is denied. Plaintiff's motion for additional discovery (Dkt.#23) is granted insofar as it seeks discovery concerning her remaining discrimination claim, and is otherwise denied.

The Court hereby refers the case to United States Magistrate Judge Jonathan W. Feldman pursuant to Local R. Civ. Proc. 5.1(a), for the purpose of supervising discovery on plaintiff's

remaining claim.  Such discovery shall be completed within six (6) months of entry of this Order, absent a modification of the schedule by this Court or the Magistrate Judge and shall be limited to relevant issues relating to plaintiff's surviving discrimination claim.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         January 11, 2010.