# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

BERNICE MALCOLM,

          Plaintiff(s),

      v.

HONEOYE FALLS-LIMA EDUCATION
ASSOCIATION ("HFLEA"), NEW YORK
STATE UNITED TEACHERS, DAVID YOUNG,
HFLEA ("Young"), MICHELLE CARNEVALE,
("Carnevale"), THE NEW YORK STATE
UNITED TEACHERS and WILLIAM GARVIN
("Garvin"),

          Defendant(s).

**DECISION AND ORDER**
08-CV-6551

## Preliminary Statement

The instant action stems from *pro se* plaintiff Bernice Malcolm's employment with the Honeoye Falls-Lima Central School District. See Complaint (Docket # 1). In her Complaint, plaintiff alleges, *inter alia*, that in 2006 defendants began engaging "in a pattern of unlawful discrimination directed at Plaintiff" on the basis of her race, color and gender. Id. Currently pending before the Court is plaintiff's motion to compel. (Docket # 38).

## Discussion

With the instant motion to compel, plaintiff seeks (i) verification of Interrogatories, (ii) responses to Interrogatories, (iii) production of records/documents, and (iv) compliance with the Court's Order dated June 25, 2010 (Docket # 36). (Docket # 38). The Court's June 25, 2010 Order grants plaintiff's former counsel's,

Christina A. Agola, Esq., motion to withdraw and mandates that Ms. Agola serve a copy of the Order on plaintiff by registered mail. (Docket # 36). With the instant motion, plaintiff claims that Ms. Agola failed to comply with the Court's Order because she never forwarded a copy of it to plaintiff. Plaintiff also states that Ms. Agola failed to forward plaintiff copies of the documents she submitted in support of her motion to withdraw as counsel. It is clear, however, that Ms. Malcolm has received a copy of the June 25, 2010 Order, as she quotes from it in her motion papers. Furthermore, Ms. Agola has informed the Court that she forwarded to plaintiff copies of the Court's June 25, 2010 Order and her motion to withdraw as attorney. Thus, the Court finds that the June 25, 2010 Order has been complied with.

Plaintiff further argues that defendants "did not verify responses to the Plaintiff's Request for First Set of Interrogatories," provided "insufficient" responses to same, and failed to "follow the instructions for request for production of documents." See Declaration of Bernice Malcolm annexed to Docket # 38 at ¶¶ 3-5. In response to plaintiff's motion, defense counsel avers that on April 1, 2010, he verified a response to plaintiff's Interrogatories which "has bound the defendant." See Affidavit of Anthony J. Brock, Esq. (Docket # 41) at ¶¶ 5, 8. Defense counsel affirms that the responses "used express language which attested to my knowledge of, and to the accuracy of the defendant's answers to

2

the interrogatories... and served only to bind the defendant to the answers provided in the interrogatory." Id. at ¶ 14.  The Court finds that defense counsel is permitted to verify defendants' response to plaintiff's Interrogatories, and that such response binds defendants to the answers he provided to the Interrogatories. See Jacob v. City of New York, No. 07cv04141, 2009 WL 383752, at *2 (E.D.N.Y. Feb. 6, 2009)(finding that the defendant's attorney was "permitted to sign an interrogatory response on [defendant]'s behalf"); Shire Labs., Inc. v. Barr Labs., Inc., 236 F.R.D. 225, 227 (S.D.N.Y. 2006)("Rule 33[b][1][B] provides that a corporation may answer interrogatories 'by any officer or agent.' 'Agent' includes an outside attorney for the corporation."); Pontillo v. Federated Dep't Stores, Inc., No. 93 Civ. 1950 (SWK), 1993 WL 385727, at *3 (S.D.N.Y. Sept. 29, 1993)(where defense counsel "resisted having his clients sign the interrogatory answers," the court found that "[t]he Rule 33 obligation of a corporation is to obtain the signature of an 'officer or agent,'" and defense counsel was "an agent for such purposes if the corporation so appoints him").

Defendants also assert that the documents they produced in response to plaintiff's discovery demands were sufficient, as they provided plaintiff "with 1,551 pages of Bates stamped documents" in response to her First Request for Production of Documents.  See Affidavit of Anthony J. Brock, Esq. (Docket # 41) at ¶ 6.  Further, with respect to plaintiff's arguments that defendants failed to

sufficiently respond to her Interrogatories and failed to follow the instructions in her requests for documents, defendants point out that "plaintiff has not identified any specific violations" in support of her arguments.  Id. at ¶¶ 9-10.  That is, plaintiff did not specify which Interrogatories defendants failed to sufficiently respond to, and did not indicate which instructions she believes were not followed.

The Court has reviewed plaintiff's motion papers and finds that they do not specify how defendants' responses to her Interrogatories are insufficient, and are also devoid of details with respect to how defendants allegedly failed to follow her instructions and properly respond to her request for production of documents.  Her motion papers also do not specify which documents defendants allegedly failed to produce.  By Order dated July 8, 2010 (Docket # 39), the Court gave plaintiff the opportunity to file a Reply in further support of her motion, in which she could have addressed the issues raised by defendants in their Response.  To date, however, plaintiff has not filed a Reply.

The Court, having reviewed the papers in support of (Docket # 38) and in opposition to (Docket # 41) plaintiff's motion to compel (Docket # 38) hereby Orders that the motion be **denied**.  If plaintiff believes that defendants have not fully responded to her discovery demands, she may file a second motion to compel.  Plaintiff is advised, however, that any future motions to compel must state with

specific details the discovery responses she seeks as well as the specific reasons why she believes the defendants' responses are insufficient or incomplete.

### Conclusion

Plaintiff's motion to compel (Docket # 38) is **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 31, 2011
Rochester, New York

5