# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

BERNICE MALCOLM,

          Plaintiff(s),

v.

HONEOYE FALLS-LIMA EDUCATION
ASSOCIATION
          Defendant(s).

**DECISION AND ORDER**
08-CV-6551

## Preliminary Statement

The instant action stems from *pro se* plaintiff Bernice Malcolm's employment with the Honeoye Falls-Lima Central School District. See Complaint (Docket # 1). In her Complaint, plaintiff alleges, *inter alia*, that in 2006 defendants began engaging "in a pattern of unlawful discrimination directed at Plaintiff" on the basis of her race, color and gender. Id. Currently pending before the Court is defendant Honeoye Falls-Lima Education Association's (hereinafter "HFLEA") motion to dismiss[1] (Docket # 64) and plaintiff's cross-motions to stay, for leave to file an amended complaint, and for an extension of time (Docket # 66).

## Relevant Factual Background

Plaintiff is a former employee of the Honeoye Falls-Lima Central School District who has filed multiple lawsuits in federal

---

[1] This dispositive motion is being heard by the undersigned by consent of the parties pursuant to 28 U.S.C. Section 636(c). See Docket # 33.

and state court alleging, *inter alia*, discrimination and retaliation against her former employer and former union.  In this particular action, on January 11, 2010, Judge Larimer granted in part defendants' motion to dismiss (Docket # 5), dismissing all of plaintiff's claims with prejudice except for her Title VII/New York Human Rights Law claims against HFLEA for its alleged discriminatory failure to file grievances on her behalf and/or to provide her with representation during disciplinary proceedings. See Decision and Order dated January 11, 2010 (Docket # 27).  As a result, those are the only remaining claims in the instant action and HFLEA is the only remaining defendant.

On February 10, 2011, exactly one month after Judge Larimer's January 10, 2011 Decision and Order, plaintiff filed a Complaint in New York State Supreme Court, Monroe County.  Like the pending federal claim, plaintiff's state court lawsuit alleged that HFLEA improperly failed to file and pursue grievances on her behalf. See Exhibit "A" attached to Docket # 56.  On July 7, 2011, New York State Supreme Court Justice William P. Polito dismissed all of the plaintiff's claims filed in Supreme Court, including her allegations that the HFLEA failed to prosecute grievances on her behalf and failed to provide representation to her in the disciplinary hearings.  See Exhibit "A" attached to Docket # 62. On August 3, 2011, the undersigned directed defense counsel "to file a motion and Memorandum of Law setting forth the defendants'

2

position as to the impact Judge Polito's decision has on plaintiff's ability to further prosecute this action in federal court." See Decision and Order (Docket # 63) at p. 3. Thereafter, on September 12, 2011, the HFLEA filed the instant motion to dismiss. (Docket # 64).

**Discussion**

<u>Defendant's Motion to Dismiss</u>: The HFLEA moves to dismiss plaintiff's remaining federal claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on grounds that plaintiff's surviving claim is barred by the doctrines of res judicata and collateral estoppel. (Docket # 64). Counsel for the HFLEA requests that the Court "give preclusive effect to the issues decided by the New York Supreme Court and dismiss plaintiff's remaining claims." See Defendant's Memorandum of Law (hereinafter "Def. Memo") annexed to Docket # 64 at p. 2.

The Supreme Court has recognized that "federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Id.</u> In <u>Allen</u>, the Supreme Court recognized that "federal courts generally have also consistently accorded preclusive effect

3

to issues decided by state courts" and remarked that, as a result, these doctrines "not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." Id. at 95-96; see also Kremer v. Chem. Const. Corp., 456 U.S. 461, 466-67 (1982)(holding that New York State Supreme Court's decision dismissing plaintiff's Title VII employment discrimination claims as "meritless" was to be given "preclusive effect"). However, there is an important limitation on the applicability of the res judicata doctrine. To have preclusive effect, the judgment must have been rendered on the merits. "The requirement that a judgment, to be res judicata, must be rendered 'on the merits' guarantees to every plaintiff the right once to be heard on the substance of his claim." Saylor v. Lindsey, 391 F.2d 965, 968 (2d Cir. 1968).

In dismissing plaintiff's state court action, Judge Polito ruled as follows: "The claims against the Union defendants are dismissed pursuant to CPLR 3211(4) based on the currently pending Federal Court action, in which all but plaintiff's 'Title VII NYHRL discrimination claim against HFLEA for alleged failure to file grievances [were] dismissed with prejudice.'" See Exhibit "A" attached to Docket # 62 at p. 6. CPLR § 3211(a)(4) provides that a party may move for judgment dismissing a claim on the ground that "there is another action pending between the same parties for the

4

same cause of action in a court of any state or the United States." Thus, the stated basis for Judge Polito's Order dismissing the state court action was not a determination on the merits of plaintiff's claim, but rather was because plaintiff was already pursuing the same cause of action in the pending federal court lawsuit. Accordingly, res judicata is inapplicable.

Counsel for HFLEA argues that Judge Polito's decision contained a basis for his holding that should be given preclusive effect by this Court. After dismissing the action based on CPLR § 3211(a)(4), Judge Polito stated: "However, even assuming that this Court did not dismiss the action pursuant to CPLR 3211(4) based upon the pending Federal action in which only one claim continues, this Court would grant dismissal of all claims." See Exhibit "A" attached to Docket # 62 at p. 6. Judge Polito goes on to explain that plaintiff "has pled no facts to show that she requested the Union act on her behalf, but rather, that she had retained private counsel and discharged the Union." Id. While the quoted language does address the merits of plaintiff's claims against the HFLEA, it seems to this Court such language to be dicta, as it "assumes" that the Court did not grant the motion based on CPLR § 3211(a)(4), an assumption that is clearly not true. In other words, Judge Polito's discussion of the substantive merits of the claim against the HFLEA was not necessary to his primary holding that the action was subject to dismissal pursuant to CPLR § 3211(a)(4) and

5

accordingly can not be given preclusive effect. To hold otherwise would be to create a "Catch 22" paradox in which plaintiff can not proceed in state court because she has a pending federal court action and can not proceed in the federal court action because a dismissal pursuant to CPLR § 3211(a)(4) should be given preclusive effect. See Simpkins v. City of Belleville, Ill., No. 09-cv-912-JPG, 2010 WL 1849348, at *5 (S.D. Ill. May 7, 2010)("A particular finding is not 'necessary' to a judgment and will not have preclusive effect in a subsequent case if the judgment did not depend on the finding.").

The foregoing notwithstanding, after review of Judge Larimer's 2010 Decision and Order and Judge Polito's 2011 Decision, serious doubts have been raised as to the substantive merits of plaintiff's claims against the HFLEA. Indeed, courts draw a distinction between "obiter dicta," which is uttered as an aside and not considered precedential and "judicial dicta" which, while not binding, is often given considerable weight. Simpkins v. City of Belleville, Ill., 2010 WL 1849348, at *5; see United States v. Bell, 524 F.2d 202, 206 (2d Cir. 1975)(distinguishing between "obiter dictum" and "judicial dictum"). Judge Larimer and Judge Polito's comments about the merits of plaintiff's claims against the HFLEA seem to fall squarely on the side of "judicial dictum." For this reason, and because ample time has been given for the

6

focused discovery[2] allowed in Judge Larimer's Decision and Order, this Court finds that the substantive merits of plaintiff's remaining federal court claim should now be tested against a motion for summary judgment. Accordingly, defendant shall have sixty (60) days from the date of this Decision and Order to file a motion for summary judgment.

Plaintiff's Motions: Plaintiff's motion to amend her Complaint is denied. The proposed amended complaint is 73 pages long and contains at least 424 separately numbered allegations. It is unwieldily and unnecessarily complex. The gist of plaintiff's lone surviving claim – that the HFLEA discriminated against her by failing to file grievances and refusing to pursue her complaints – can be fairly considered and measured in the existing Complaint. See Singh v. N.Y. Dep't of Taxation & Fin., No. 06-CV-00299C(F), 2011 WL 3273465, at *36 (W.D.N.Y. July 28, 2011)(denying plaintiff's application "to add numerous allegations" because the allegations "do not assert new claims; rather, they are additional factual allegations" and "these allegations need not be pleaded"), adopted by 2011 WL 5069393 (W.D.N.Y Oct. 25, 2011); see also Fei v. WestLB AG, No. 07CV8785(HB)(FM), 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008)(noting that courts may deny leave to amend where the

---

[2] The Docket reveals that plaintiff served discovery demands (see Dockets ## 45, 46, 47), but no responses were filed by defendant. Defendant is reminded that pursuant to Western District Local Rule 5.2(f) "all discovery materials in pro se cases shall be filed with the Court."

7

amendments would "not improve the position of a party")(citing Foman v. Davis, 371 U.S. 178 (1962)).

Plaintiff's motion for a stay of these proceedings is denied. Plaintiff sought the stay because she is appealing Judge Polito's decision dismissing her state court case. Since this Court has now determined that Judge Polito's Decision does not preclude her from pursuing her federal claim against the HFLEA, it is not necessary to stay this case so she can prove that Judge Polito's decision was erroneous.

Finally, plaintiff's motion for an extension of time to file a response to the defendant's motion to dismiss is denied as moot since the Court has not dismissed plaintiff's remaining federal claim.

## Conclusion

Defendant's motion to dismiss (Docket # 64) is **denied**. Plaintiff's cross-motions for a stay, to amend, and for an extension (Docket # 66) are **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 28, 2012
Rochester, New York