**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

BERNICE MALCOLM,

        Plaintiff,

v.

HONEOYE FALLS-LIMA EDUCATION
ASSOCIATION (HFLEA),

        Defendant.

**DECISION & ORDER**
08-CV-6551

---

### Preliminary Statement

Plaintiff Bernice Malcolm (hereinafter "plaintiff" or "Malcolm") brings this discrimination action against her former teachers union, defendant Honeoye Falls-Lima Education Association (hereinafter "defendant" or "HFLEA"). On March 31, 2015, this Court granted defendant's motion for summary judgment, dismissing the remaining portions of the plaintiff's complaint. See Order (Docket # 106). On April 10, 2015, plaintiff filed the instant motions requesting: (1) reconsideration of the summary judgment decision; (2) that the Court vacate the summary judgment order; (3) a motion to stay; and (4) permission to amend/correct the complaint. See Motions (Docket # 108).[1] For the reasons stated below, plaintiff's motions are hereby **denied**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court for all dispositive matters. See Docket # 33.

## Relevant Facts and Procedural History

Familiarity with the relevant facts of this case is assumed. See Order Granting Motion for Summary Judgment (Docket # 106). As noted therein, Ms. Malcolm has filed multiple lawsuits in federal and state court against the School District and the HFLEA alleging, *inter alia*, discrimination and retaliation.[2] The Second Circuit has also had the opportunity to address various aspects of plaintiff's discrimination claims.[3]

Plaintiff commenced the instant federal civil rights lawsuit on December 5, 2008, alleging, *inter alia*, that in 2006 the various defendants[4] began engaging "in a pattern of unlawful discrimination directed at Plaintiff" on the basis of her race, color, and gender. See Complaint (Docket # 1) at 6 § V ¶ 1.

---

[2] See, e.g., Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist., *et al.*, Civil Case No. 08-cv-6577; Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist., *et al.*, Civil Case No. 09-cv-6421; Malcolm v. Honeoye-Falls Lima Cent. Sch. Dist., Civil Case No. 08-cv-6300; Malcolm v. Honeoye Falls-Lima Sch. Dist., 2008-16610 (N.Y. Sup. Ct. Monroe Cty. 2008).

[3] See Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist., 399 F. App'x 680 (2d Cir. 2010); Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist., 483 F. App'x 660 (2d Cir. 2012); Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist., 506 F. App'x 65 (2d Cir. 2012); Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist., No. 10-4245, 2015 WL 6499874 (2d Cir. Oct. 28, 2015).

[4] The following defendants were named in the Complaint but were later dismissed from the instant action by Decision and Order dated January 11, 2010 (Docket # 27): New York State United Teachers, David Young, Michelle Carnevale, The New York State United Teachers, and William Garvin.

After Judge Larimer's decision, the HFLEA was the only remaining defendant, and plaintiff's two surviving claims were that the HFLEA discriminated against plaintiff based on her race and gender by (1) failing to investigate and pursue grievances on plaintiff's behalf and; (2) failing to provide plaintiff with representation during the School District's disciplinary proceedings against her.

On March 31, 2015, in a comprehensive thirty seven page decision, I granted the defendant's summary judgment motion and — — — dismissed the two claims. See Order Granting Motion for Summary Judgment (Docket # 106).

## Discussion

In my decision granting defendant summary judgment I noted that:

> Ms. Malcolm has generated a voluminous record for this Court to review and made innumerable accusations of unfair treatment by the defendant.[5]   It has been a difficult and time consuming task for the Court to wade through the accusations and compare the accusations to the "facts" cited by plaintiff as supporting her claim of discrimination. Often the accusations stand alone as a conclusion. Just as often the accusations refer the Court to documents or statements that do not support the proposition for which they are proffered. And sometimes the Court is left puzzled by why the "evidence" cited by plaintiff is even relied on in the first place as it seems to contradict the substance of her accusation.

---

[5] Malcolm filed 177 pages of Affidavits and approximately 600 pages of Exhibits with her response papers. See Docket ## 103, 104.

3

See Order Granting Motion for Summary Judgment (Docket # 106) at 24-25.

I repeat that excerpt of my summary judgment decision because, with one exception, plaintiff's current application essentially repeats allegations and factual assertions that have been previously raised and rejected as a proper basis for a finding of discrimination. That, of course, is her right, and indeed Ms. Malcolm has filed a notice of appeal of my Decision and Order with the Second Circuit Court of Appeals.

In her motion before the Court plaintiff alleges that (1) she did not consent to the jurisdiction of this Court; (2) defendant was not entitled to summary judgment as a matter of law; (3) there remain triable issues of material fact; (4) plaintiff has established a prima facie case of a violation of her rights under 42 U.S.C. 1981; and (5) the Court abused its discretion in its summary judgment ruling. See Motions (Docket # 108) at 11-15.

The one "new" issue is plaintiff's claim that she never consented to the jurisdiction of the undersigned. Ms. Malcolm argues that she did not consent to the jurisdiction of this Court to make a final judgment, but "rather demanded trial by jury." See Amended Memorandum (Docket # 109) at 4, 13. However, on March 9, 2010, both parties submitted a written consent form agreeing to the jurisdiction of this Court. See

4

Consent (Docket # 33). The form, signed by plaintiff and defendant's counsel dated February 11, 2010 and February 17, 2010 respectively, was approved by District Judge David G. Larimer on March 8, 2010. Once the consent form was approved, the case was referred to the undersigned for all further proceedings and to order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. A § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions. Id. A judgment entered by a magistrate judge designated to exercise civil jurisdiction under § 636(c)(1) is to be treated as a final judgment of the district court, appealable "in the same manner as an appeal from any other judgment of a district court." Roel v. Withrow, 538 U.S. 580, 585 (2003) (quoting § 636(c)(3)). In sum, there is no question that both parties consented to magistrate judge jurisdiction.

To the extent that plaintiff alleges that her right to trial by jury was violated, she is mistaken as to the law. A summary judgment motion is made pursuant to Federal Rule of Civil Procedure 56(a), and is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where no genuine issue of material fact exists, the court may, without violating the right to trial by jury, grant

summary judgment. Shore v. Parklane Hosiery Co., Inc., 565 F.2d 815, 819 (2d Cir. 1977) (citing Diamond Door Co. v. Lane-Stanton Lumber Co., 505 F.2d 1199, 1203 (9th Cir. 1974); United States v. Stangland, 242 F.2d 843, 848 (7th Cir. 1957)). Summary judgment motions are dispositive because a court's ruling to grant such a motion terminates that claim, as it did to Malcom's claim in the instant case. Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are designed to secure the just, speedy and inexpensive determination of every lawsuit filed in federal court. See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). After reviewing the record before the Court, I found that Plaintiff failed to establish a genuine dispute as to any material factual or legal issue and accordingly determined that a trial was unnecessary and dismissed plaintiff's lawsuit. Nothing in the plaintiff's current submission causes the Court to change its mind.

The Court declines to discuss in depth the remainder of plaintiff's arguments. At this stage of the litigation, plaintiff bears a heavy burden.

> The threshold for prevailing on a motion for reconsideration is high. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted). In addition, a motion for reconsideration "is not favored

6

and is properly granted only upon a showing of
exceptional circumstances." <u>Marrero Pichardo v.
Ashcroft</u>, 374 F.3d 46, 55 (2d Cir. 2004) (quotation
marks omitted).

<u>Nakshin v. Holder</u>, 360 F. App'x 192, 193 (2d Cir. 2010).
"'These criteria are strictly construed against the moving party
so as to avoid repetitive arguments on issues that have been
considered fully by the court.'" <u>Boyde v. Osborne</u>, No. 10-CV-
6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting
<u>Griffin Indus., Inc. v. Petrojam, Ltd.</u>, 72 F. Supp. 2d 365, 368
(S.D.N.Y. 1999)). I have reviewed Malcolm's motion papers and
arguments contained therein and respectfully disagree with her
position as to the merits of her discrimination claims. Put
simply, I can discern no "controlling decisions or data that [I]
overlooked" when granting summary judgment in favor of the
defendants. <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d
Cir. 1995). In sum, for the reasons I explained fully in my
previous decision, the defendant is entitled to summary
judgment. Accordingly, plaintiff's motion for reconsideration,
and all other motions (Docket #108) are **denied.**

     **SO ORDERED.**

                                          JONATHAN W. FELDMAN
                                 United States Magistrate Judge

Dated:     March 25, 2016
            Rochester, New York